IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TONY A. COOLEY,**

                **Plaintiff,**

     v.                                            CASE NO. 08-3004-SAC

**K. MCGOVERN, et al.,**

                **Defendants.**

**O R D E R**

This matter is before the court on a complaint filed pro se under 42 U.S.C. § 1983 by a prisoner confined in the Douglas County Jail in Lawrence, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having considered plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to

pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action plaintiff claims that upon his entry to the jail he was forced to endure two days of withdrawal from prescribed medication for pain management. Plaintiff states that Booking Officer Carlson put plaintiff in a cell and left him unattended for two days until plaintiff was formally booked into the jail, that Lt. Dillon failed to take corrective action, and that the Sheriff and Undersheriff failed to properly train staff on how to deal with prisoners suffering from the withdrawal of drugs.

To allege a valid claim under 42 U.S.C. § 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Relevant to plaintiff's allegations "[a] prison official violates an inmate's clearly established Eighth Amendment rights if he acts with deliberate indifference to an inmate's serious medical needs--if he knows of and disregards an excessive risk to

inmate health or safety."  <u>Garrett v. Stratman</u>, 254 F.3d 946, 949 (10th Cir. 2001)(internal quotation marks omitted).  As it appears plaintiff is complaining of conduct occurring while he was confined as a pretrial detainee, he is entitled to the same protection under the Due Process Clause of the Fourteenth Amendment.  <u>Estate of Hocker ex rel. Hocker v. Walsh</u>, 22 F.3d 995, 998 (10th Cir. 1994).  Thus plaintiff must show that the alleged conditions were objectively serious enough to pose a substantial risk of serious harm, and that prison officials acted with "deliberate indifference."   <u>Id</u>.; <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

The court finds plaintiff's allegations make no such showing.  Although plaintiff cites temporary confinement under unpleasant conditions, there is nothing to suggest his medical needs presented an obvious or serious risk of substantial physical harm, seizure, or death.  It is not enough to allege that prison officials failed to alleviate a significant risk they should have perceived, but rather that officials knew that plaintiff faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it.  <u>Kikumura v. Osagie</u>, 461 F.3d 1269, 1293 (10th Cir. 2006)(quotation marks omitted)(citing <u>Farmer</u>, 511 U.S. at 838 and 847).

Nor does plaintiff allege being denied medical attention after being formally booked into the jail, thus he alleges at most a two day delay in receiving medical attention.  It is recognized that "a delay in medical care only constitutes an Eighth Amendment

violation where the plaintiff can show that the delay resulted in substantial harm," namely a "lifelong handicap, permanent loss, or considerable pain."  Garrett, 254 F.3d. at 950 (internal quotation marks omitted).  In this case, plaintiff alleges no physical harm resulting from any delay in receiving medical attention for the brief period he claims he was left unattended at the jail.

 Moreoever, plaintiff's broad claim that jail policies were not followed states no cognizable violation of plaintiff's rights under *federal* law, and plaintiff's bare claim that jail staff was not adequately trained to deal with his situation is insufficient to state an actionable claim for relief under 42 U.S.C. § 1983. *See also* Rizzo v. Goode, 423 U.S. 362 (1976)(a plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable under 42 U.S.C. § 1983 by virtue of the defendant's supervisory position).

 For these reasons the court directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief against any of the named defendants.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein and without further

prior notice to plaintiff.[1]

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the $350.00 district court filing fee to proceed as authorized under 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 11th day of February 2008 at Topeka, Kansas.


   s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. § 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."